## LAUDERMAN v. SHROYER.

Ohio Appeals, 6th Dist., Lucas Co.

No. 2001.  Decided Feb. 27, 1928.

**First Publication of this Opinion.**

**Syllabus by Editorial Staff.**

708.  LEASES.—997.  Real Estate.

Provision in lease that "if for any reason the lessor wishes to discontinue this lease and come into full possession of the said property, he can do so by paying to the lessee, the sum of $550," held to contitute option given owner to purchase right of lessee for that sum, and not to be construed as liquidated damages or penalty for breach.

Error to Common Pleas.
Judgment reversed.

Louis Bartlett and C. W. Nelson, Toledo, for Lauderman.

Larry Bevan, Toledo, for Shroyer.

### STATEMENT OF FACTS.

In the court below, John Shroyer secured a judgment for $550 against Frank Lauderman. It seems that Lauderman was the owner of a certain piece of real estate, and that he entered into a written lease of the same to Shroyer. The lease was for the term of three years, commencing Sept. 1, 1925. While the lessee was not to have possession until Sept. 1st, the lease provided that the September and October rent should be paid during July and August. The lessee did, in fact, never take possession of the premises. The lease contained the following provisions:

"It is agreed that if for any reason the lessor wishes to discontinue this lease and come into full possession of the said property, he can do so by paying to the lessee the sum

of $550, providing the lessee has fulfilled all the conditions of this lease as set forth. Lessor also reserves the right to build or to sell lots fronting on Indiana Avenue, not more than 150 feet deep, and it is also understood that the lessee is (to) make all the improvements and repairs on the premises without any cost to the lessor."

OPINION OF COURT.

The following is taken, verbatim, from the opinion.

RICHARDS, J.

The trial judge instructed the jury that if they found for the plaintiff, the measure of damages would be $550. We think this instruction was prejudicially erroneous. The provision in the lease regarding $550 is, in legal effect, an option given to the owner to purchase the rights of the lessee for that sum and contemplates that he shall have already taken possession. It is the contract price for the lease, if the lessor purchases it, and not damages nor penalty for its breach. As already stated, the owner had not parted with possession of the property to Shroyer and therefore, by the terms of the agreement, the amount named had not become payable. In no event could the amount be treated as liquidated damages because the damages are not uncertain nor difficult of proof, and the amount named is manifestly unconscionable and disproportionate to the actual damages suffered, there never having been any possession taken under the lease. Jones v. Stevens, 112 OS. 43; Norpac Realty Co. v. Schackne, 107 OS. 425. Whatever construction of the above quoted provision of the lease is adopted, the plaintiff would not be entitled to recover the specific sum of $550, but his recovery should be limited to the actual amount of damages suffered by reason of the breach of the lease, if there was a breach.

For the reasons given the judgment will be reversed and the cause remanded for a new trial.

(Lloyd, J. concurs.  Williams, J. concurs in judgment.)